PATROLMEN'S BENEVOLENT ASSOCIATION OF THE CITY OF NEW YORK, INC., Respondent-Appellant, v CITY OF NEW YORK, Appellant-Respondent, and LOUIS J. LEFKOWITZ, as Attorney-General of the State of New York, Intervenor.

First Department, April 26, 1976

---

4. Sergeant Guadagno stated that he did not seize the three $10 bills because he had no way of connecting them to the sale.

*Frederick R. Livingston* of counsel *(Jay W. Waks* with him on the brief; *Kaye, Scholer, Fierman, Hays & Handler,* attorneys), for respondent-appellant.

*James G. Greilsheimer* of counsel *(L. Kevin Sheridan* with him on the brief; *W. Bernard Richland, Corporation Counsel),* for appellant-respondent.

*George D. Zuckerman* of counsel *(Lloyd G. Millken* with him

on the brief; *Louis J. Lefkowitz, Attorney-General),* for intervenor.

*Per Curiam.* Respondent, the City of New York (City) appeals from a judgment entered July 1, 1975, in New York County (STARKE, J.), which confirmed an impasse panel's report and recommendations as an award pursuant to CPLR 7510. The City also appeals from an order of the same court entered December 30, 1975, which denied its motion to vacate or modify the judgment entered July 1, 1975 to conform with the subsequently enacted wage freeze provisions of the New York State Financial Emergency Act for the City of New York (L 1975, ch 868, § 2). Both the City and petitioner, Patrolmen's Benevolent Association (P.B.A.), appeal from a second order entered by the court on December 30, 1975 which granted the P.B.A.'s motion seeking enforcement of the judgment but stayed such enforcement and suspended payment of salary increases to City police officers until June 30, 1978 or thereafter during any lawful extension of the City's fiscal emergency by the State Legislature. The P.B.A. appeals only from that part of the order which stayed enforcement of the judgment. The City appeals in all other respects.

This matter had its genesis in 1974 when the City and the P.B.A. were negotiating in an effort to reach a collective bargaining agreement for a two-year period beginning July 1, 1974. When the negotiations reached an impasse, the parties, pursuant to the New York City Collective Bargaining Law (Administrative Code of City of New York, § 1173-1.0 *et seq.),* resorted to an impasse panel. On April 30, 1975, the impasse panel rendered its decision and recommendations, providing for an 8% salary increase for the first year and a 6% increase for the second year, and both parties accepted those recommendations. Despite its acceptance, the City refused to sign a collective bargaining agreement incorporating the recommendations. The P.B.A. then commenced a proceeding, pursuant to article 75 of the CPLR to confirm the impasse panel's award. The City's motion to dismiss the petition was denied with leave to the City to serve an answer. However, the City failed to serve an answer and chose not to appear on the date set for argument. Judgment was thereafter entered on default on July 1, 1975.

On its appeal from the July 1, 1975 judgment, the City advances several arguments which it urges are sufficient to warrant reversal, among them being the contention that the

impasse panel's determination is not an award within the meaning of article 75 of the CPLR, an argument advanced to and rejected by Special Term, in its well-reasoned opinion. While the various bases asserted are interesting, since the City's default was willful and deliberate within the meaning of CPLR 3215, the judgment entered on such default is not appealable (CPLR 5511; *Bishop v Gilmore,* 30 AD2d 696), and, accordingly, the City's appeal therefrom is dismissed without costs.

In passing it is noted that the City initially complied with the terms of the impasse panel's order and award until September 1, 1975, when it ceased payment of the 6% salary increase. Under the circumstances here present, the City should not now be heard to argue that the determination of the impasse panel was not in fact and law an award, since it unequivocally accepted the determination, thereby foreclosing or obviating the necessity of an appeal by the P.B.A. to the Board of Collective Bargaining, the decision of which would have been final and binding and expressly characterized as an award within the meaning of article 75 of the CPLR. (Administrative Code, § 1173-7.0, subd C, par [4], cl [f]). Nor was there any provision in the recommendations which required an enactment of law to become effective (Administrative Code, § 1173-7.0, subd C, par [3], cl [e]). Notably, while the City sought reconsideration of the judgment, it never moved to open its default.

The denial of the City's motion to vacate or modify the judgment entered July 1, 1975 because of the subsequent enactment of the State wage freeze legislation known as the New York State Financial Emergency Act for the City of New York (L 1975, ch 868, § 2, as amd by L 1975, ch 870, § 11, eff Sept. 1, 1975) is affirmed without costs. The State legislation, in relevant part, substantially adopted the language of the previously enacted City wage freeze law (Local Laws of City of New York 1975, No. 43) which referred only to "collective bargaining agreements or other analogous contracts" and, as Special Term correctly held, does not suspend the enforcement of judgments. Thus, in the instant case, where a judgment confirming an impasse panel's award has been entered, the wage freeze legislation is inapplicable and it is unnecessary to reach the question of its constitutionality.

Turning now to the cross appeals taken by the P.B.A. and the City from the order in the enforcement proceeding, such

order is modified to delete therefrom the provisions for deferral of the 6% wage increase and is otherwise affirmed. Insofar as we affirm such order, we do so for the reasons stated at Special Term by Mr. Justice STARKE. However, we strike the provisions for deferral of payment because there is neither warrant here for judicial legislation nor power to do so (NY Const., art III, § 1; *Matter of Young v Gerosa,* 11 AD2d 67).

Accordingly, the appeal of the City from the judgment entered July 1, 1975, should be dismissed, without costs. The order entered December 30, 1975, denying the City's motion to modify or vacate the judgment of July 1, 1975, should be affirmed without costs. Finally, the order of enforcement entered December 30, 1975, should be modified on the law only to the extent of deleting the provision for suspension or deferral of payment of the 6% wage increase called for by the underlying judgment of July 1, 1975 and otherwise affirmed, without costs.

STEVENS, P. J., MARKEWICH, KUPFERMAN, LUPIANO and NUNEZ, JJ., concur.

Appeal from judgment, Supreme Court, New York County, entered on July 1, 1975, unanimously dismissed, without costs and without disbursements. Order, Supreme Court, New York County, entered on December 30, 1975, denying respondent-appellant-respondent's motion to vacate or modify the judgment entered on July 1, 1975, unanimously affirmed, without costs and without disbursements. Order, Supreme Court, New York County, entered on December 30, 1975, unanimously modified, on the law, only to the extent of deleting the provision for suspension or deferral of payment of the 6% wage increase called for by the underlying judgment of July 1, 1975, and otherwise affirmed, without costs and without disbursements.